**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREEN TREE SERVICING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL RESOLUTIONS TRUST, et al.,<br><br>Defendants. | Civil Action No. 17-849 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Defendant Ugochi Oriji's ("Defendant") Notice of Removal. (Notice of Removal, ECF No. 1.) Plaintiff Green Tree Servicing, LLC[1] ("Plaintiff") responded by filing Correspondence in Lieu of a Formal Motion to Remand. (Pl.'s Letter, ECF No. 3.)

The Court's February 23, 2017 Order to Show Cause ("OTSC") required Defendant to show why the instant matter should not be remanded to New Jersey state court. (OTSC, ECF No. 4.) First, the OTSC required Defendant to "set forth reasons why this matter is not barred by the *Rooker-Feldman* [D]octrine, and why the matter should not be dismissed on those grounds." (*Id.*) Second, the OTSC required Defendant to "set forth reasons why this matter should not be dismissed as (1) duplicative[2] of [an] earlier filed and remanded action, and (2) untimely under 28

---

[1] The Court notes that an Order Substituting Plaintiff was granted by the Superior Court of New Jersey, Mercer County, on December 23, 2015. (Pl.'s Letter Ex. A, ECF No. 3-1.) The proper named-Plaintiff in this matter is Ditech Financial, LLC. (*Id.* ¶ 4.)

[2] *See Green Tree Serv., LLC v. Universal Resolutions Trust, et al.*, docket no. 14-3391 (finding that "[Ugochi and Friday] Oriji[] are citizens of New Jersey [and] removal was improper under 28 U.S.C. § 1441(b)(2)"). (OTSC, ECF No. 4.)

U.S.C. § 1441(b)(1)." (*Id.*) Finally, the OTSC required Defendant to "set forth the reasons the Court should not order the Clerk of the Court to close this case and remand the matter to the Superior Court of New Jersey, Mercer County, for further proceedings." (*Id.*)

Defendant responded (Def.'s Resp. to OTSC, ECF No. 6) and Plaintiff replied (Pl.'s Reply, ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiff's request to remand.

**I.      BACKGROUND**[3]

This matter arises from a residential foreclosure action initiated by Plaintiff in state court. On February 5, 2007, Defendant and Friday O. Oriji (collectively, "Defendants" for the purpose of this section) executed a fixed rate note in the amount of $272,000 (the "Mortgage") in favor of Countrywide Home Loans, Inc. ("Countrywide") with Mortgage Electronic Registration Systems ("MERS") as a nominee for Countrywide. (Notice of Removal Ex. a, Compl. ¶¶ 1-2, at 4, ECF No. 1-3.)[4] On March 20, 2007, the Mortgage was properly recorded and secured against real property located at 31 Rock Royal Road, Hamilton, New Jersey 08620 ("Encumbered Property").[5] (Compl. ¶¶ 4,12.) On December 1, 2011, Defendants defaulted on the Mortgage. (Compl. ¶ 7.) Following Defendants' default on their Mortgage, MERS assigned the Mortgage to Green Tree

---

[3] In connection with the instant application, the parties offer records pertaining to the state court foreclosure proceeding. The Court utilizes these records as a means of "establish[ing] the nature and scope of [the] prior proceedings between the parties." *Farah v. Lasalle Bank Nat'l Ass'n*, No. 15-2602, 2016 WL 1162644, at *5-6 (D.N.J. Mar. 23, 2016) (stating that "records of the foreclosure action that are intrinsic to the complaint may be considered . . ." (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014))).

[4] The Court utilizes the ECF page numbers.

[5] The Mortgage was recorded in Mercer County. (Compl. ¶ 4.)

2

Servicing, LLC. (Compl. ¶ 10.)[6] Plaintiff initiated a residential foreclosure action in the Superior Court of New Jersey on August 29, 2012.[7] (Pl.'s Letter Ex. B, at 7, ECF No. 3-1.) The Superior Court of New Jersey issued a final judgment on July 12, 2016. (*Id.* at 15-17.)

## II. LEGAL STANDARD

It is well-established that federal courts are courts of limited jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). "[Federal courts] have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A federal court is required to determine whether it has jurisdiction even if the parties to an action have not made a jurisdictional challenge. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993).

An action filed in a state court may be removed to the appropriate federal district court by the defendant if that district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). To effect removal, the defendant must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The removing party bears the burden at all stages of litigation to demonstrate that the case is properly before the court, namely that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). In other words, "the burden of establishing removal jurisdiction rests with the defendant." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir.

---

[6] The assignment was recorded on April 23, 2012. (Compl. ¶ 10.)

[7] Plaintiff's counsel, Pluese, Becker & Saltzman, LLC, initiated the foreclosure action in Mercer County.

1995). The Third Circuit has further instructed that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).

## III. DISCUSSION

In Defendant's response to the OTSC, Defendant alleges violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant contends that he is a "consumer" under the FDCPA and that the "named debt collectors includ[e] [the] Superior Court of New Jersey Chancery Division Mercer County, and Pluese, Becker & Saltzman, LLC[.]" (Def.'s Resp. to OTSC 1.) Defendant proceeds to argue that Pluese, Becker & Saltzman, LLC "claims to be an attorney and[/]or law firm" acting on behalf of Green Tree Servicing, LLC and that it "initiated this debt collection action under the guise of 'Foreclosure.'" (*Id.* at 3.) Defendant, however, fails to address why removal is not barred by the *Rooker-Feldman* Doctrine, as well as why removal is not barred as untimely pursuant to 28 U.S.C. § 1441(b)(1).

The Court concludes that the removal was untimely, as Defendant removed the matter to this Court more than four years after Defendant was served with the summons and complaint in state court,[8] thus violating 28 U.S.C. § 1441(b)(1). (Notice of Removal Ex. A, at 3-8.)

The Court also concludes that the suit is barred under the doctrine of res judicata. Res judicata bars a suit if "(1) the judgment in the first action is valid, final, and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first action." *Garris-Bey v. Aurora Loan Servs., LLC*, No. 11-6115, 2012 WL 694719, at *2 (D.N.J. Mar. 1, 2012) (citing *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 598 (N.J. 1991)). In

---

[8] The state court complaint is dated May 18, 2012. (*See* Notice of Removal Ex. A, at 8.)

4

*Garris-Bey*, the court found that a federal action following the state foreclosure action alleging "defective assignments of [the plaintiff's] mortgage" was barred, inter alia, by the doctrine of res judicata. *Id.* at *1-2. The court explained that the res judicata factors were satisfied as: (1) "the Final Foreclosure judgment [was] a valid, final judgment on the merits;" (2) "[t]he defendants were involved in the prior foreclosure action, either as a party or in privity with a party;" and (3) "all of [the plaintiff's] claims arose out of the same transaction . . . as the claims in the [prior] Foreclosure Action." *Id.* at *2. Here, the foreclosure action was fully litigated in state court and a final judgment was entered on July 12, 2016.[9] (*See* Pl.'s Letter Ex. B, at 15-17.) The Court, therefore, concludes that the instant matter is barred by the doctrine of res judicata.

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's request to remand is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 30th, 2017

---

[9] The Court need not address the *Rooker-Feldman* Doctrine analysis, as it finds that the suit is barred by res judicata.